## WAHL v. PHILLIPS *et al.*

1. RECITAL IN DECREE. The Supreme Court will not reverse a decree on the ground that the record does not show that evidence was submitted to the Court below, when the decree itself recites that "proofs" were "read in evidence" and considered by the Court.

2. ASSIGNMENT: DECREE. When, during the pendency of a foreclosure proceeding, the plaintiff sold his interest in the suit to a third party, in whose name, as assignee, the decree was rendered, it was held that the defendant was not prejudiced thereby, and could not complain on appeal.

*Appeal from Delaware District Court.*

SATURDAY, JANUARY 9.

THE plaintiff sued the defendant, Fayette Phillips, at law, on two notes. After purging the same of the usury found to be therein, a judgment was rendered in the sum of $1,200 for the plaintiff, and for costs in favor of the defendant, against whom, also, was a judgment in favor of the school fund.

These notes had been secured by a mortgage upon certain lands, on which were other junior liens and incumbrances.

Instead of levying upon these lands with his execution at law, the plaintiff commences this suit upon the mortgage to foreclose the interest of the junior lienholders.   A demurrer, questioning his right to do so after electing to sue at law on the notes, was sustained by the Court, and the bill dismissed.   This order, on an appeal, was reversed by this Court, and the cause remanded.   In the meantime, after one continuance, the bill was dismissed as to the other defendants.   When the *procedendo* went down from this Court, the orders dismissing this suit, on motion of the plaintiff's counsel, were set aside, and the cause redocketed for trial against all the defendants.   On the hearing thereof, a judgment of foreclosure on the mortgage premises was rendered against the defendant, Phillips, for the amount of the judgment at law ($1,200), with interest on the same from the date of the judgment up to the date of the decree, making in all $1,416.

From this decree of foreclosure the defendants appeal.

*D. E. Lyon* and *Brayton & Wattson* for the appellant.

1. Suits commenced prior to September 1st, 1860, are governed by the practice before the Revision of 1860. Rev. 1860, § 4172.

2. Appeals in chancery are heard by the Supreme Court *de novo* upon the whole record and evidence in the case. *Stockwell* v. *David*, 1 G. Greene, 115; *Pierce* v. *Wilson et al.*, 2 Iowa, 20.

3. Where the answer denies material allegations in the petition, and such allegations are not supported by evidence, the answer prevails.  *Childs* v. *Horr*, 1 Iowa, 432; *Westfall et ux.* v. *Lee et al.*, 7 Id., 12.

4. Allegations in answer not denied are taken as true. Code, § 1742.

5. Where there are several respondents to a petition in equity, against whom the same claim to relief is made,

some of whom deny the right of complainant to the relief sought, complainant is not entitled to a decree against those in default, unless he establishes his right against those who appear. *Pierson* v. *David and others*, 4 Iowa, 410.

*D. N. Cooley* for the appellee.

LOWE, J. — This cause has been twice in this Court before; once upon the appeal of the plaintiff from an order of the Court sustaining the defendants' demurrer to the bill, which resulted in a reversal of the order; secondly, upon the appeal of the defendants from the order of the Court setting aside the judgment of dismissal of the plaintiff's bill, which resulted in the affirmance of the same.

In taking this last appeal, the defendants draw in question.the regularity of the proceedings in several other particulars, which can be very briefly disposed of.

First, it is claimed that the answer of the defendant, Smith Brayton, denies the execution of the mortgage, as well as its acknowledgement, and the recording thereof; that it denies the transfer of said mortgage from Randal, the mortgagee, to the plaintiff, or that the notes specified were secured by said mortgage.

It is said these denials put the plaintiff upon the proof of the allegations of his bill, which he failed to do, and that his bill should have been dismissed. The reply to this is, that this statement about the proof is contradicted by the record itself. The judgment entry states that " the Court, upon inspection of the record and the papers in the cause, after hearing the proofs of the plaintiff read in evidence, finds that the petition of the plaintiff is true," &c.

During the pendency of this cause, the plaintiff made written assignment of his judgment, and all his interest in this suit, for value, to Ithamer Cooley, which was filed with the papers in the cause; and in entering the final decree, it was made in favor of the said Cooley, as assignee,

instead of the plaintiff himself. This is urged as an irregularity, which should reverse the judgment. Why the defendant, Phillips, should object to this, is not apparent; not, certainly, because he is prejudiced by such an entry. If it were such an irregularity as we were bound to notice, the most we could do would be simply to substitute, in the judgment entry, the name of the plaintiff for that of Cooley; but this would neither benefit the defendant or injure the assignee — it would simply be an act of supererogation.

Again, it is insisted that the Court did wrong in allowing the plaintiff interest and costs, because, his claim being usurious, he was not entitled to either. It does not appear that any interest was allowed except what had accumulated since the date of the judgment at law, when the usury was cast out of the claim. The allowance of this was not improper. We fail to discover from the record before us what disposition was made of the costs. If the defendants had been required to pay them, we are not prepared to say that we would disturb the order, as we imagine most of the costs in this proceeding have been made by raising technical and unfounded objections to the same. The judgment below will be

Affirmed.