### JORDAN v. PING.

Action of right: TRANSFER OF PLAINTIFF'S INTEREST. A conveyance by the plaintiff, during the pendency of an action of right, of the title to the property, will not abate the action; and the prosecution thereof may be continued in his name notwithstanding such conveyance. Section 3579 of the Revision applies only to cases where the plaintiff holds a limited and determinable estate in the premises, which expires by lapse of time or the like during the pendency of the action.

*Appeal from Wapello Circuit Court.*

WEDNESDAY, JULY 26.

ACTION to recover certain real estate and damages for the alleged wrongful holding possession by defendants. Trial by jury. Verdict and judgment for plaintiff. Defendant appeals. The further material facts are stated in the opinion.

*S. W. Summers* for the appellant.

*H. B. Hendershott* for the appellee.

MILLER, J. — The case shows that, subsequent to the commencement of the action, the plaintiff, by warranty deed, conveyed the land in controversy to one Jameson, and the court instructed the jury as follows:

" 7th. If you find that, at the time of the commencement of this suit, the plaintiff was the owner of said premises and entitled to the possession thereof, and yet find that since the commencement of this action he has sold and conveyed said premises to another, this will not abate the action, but the plaintiff will, notwithstanding such fact, be entitled to recover; if you find him the owner and entitled to the possession of the premises at the date of the commencement of the action."

Upon this instruction and the fact above stated is involved the only question presented in argument.

The appellant insists that, having parted with his entire interest in the land, the plaintiff was not entitled to recover. This argument he bases upon section 2757 of the Revision, which requires actions to be prosecuted in the name of the *real party* in interest, and also upon section 3579 of chapter 144, relating to actions for the recovery of real property, which reads as follows :

" If the interest of the plaintiff expires before the time in which he could be put in possession, he can obtain a judgment for damages only."

We think appellant's counsel labor under a misapprehension of the law applicable to the question involved.

We are of opinion that the section last quoted has reference to cases where the plaintiff holds a limited and determinable estate in the premises in controversy, which may *expire* by lapse of time, or from the happening of some other event, which determines the plaintiff's estate; and that it in no manner applies to a case where the plaintiff holds and conveys an absolute estate to a third person. The expiration of an estate is its cessation — its end — as the expiration of a lease. When it expires it ceases to be. On the other hand, the conveyance or alienation of an estate is an *act* whereby one man *transfers* his estate to another. His estate does not *expire*, it is transferred.

This construction is according to the plain meaning of

the language of the section. It is also made necessary in order to harmonize with other sections of the Revision.

Section 2794 enacts that no action shall abate by the transfer of any interest therein during its pendency. * * * In case of a transfer of the pecuniary interest, the action may be continued in the name of the original party, or the court may allow the person to whom the transfer or assignment is made to be substituted in the action, proper orders being made as to security for costs.

In this case the evidence shows that, at the time plaintiff conveyed to Jameson, it was agreed between them that the action should be prosecuted to a final termination in the name of the original party. This course the statute specially allowed, or Jameson could, with the approbation of the court, have been substituted as plaintiff, proper orders as to costs being made.

As this is the only question discussed in argument, the judgment is                                      Affirmed.