## MASON v. SEARLES ET AL.

1. **Pleading:** ALLEGATION OF FRAUD: INSUFFICIENCY OF. A pleading which simply avers fraud as a legal conclusion, without stating the facts constituting it, is insufficient and may properly be stricken out on motion.

2. **Usury:** WHERE NO DEFENSE: MONEY BORROWED TO PAY USURIOUS DEBT. One who borrows money at a legal rate of interest to pay an usurious debt cannot maintain a plea of usury against the new creditor by showing that he knew the debt paid with the borrowed money was usurious.

3. **Practice:** ATTORNEY'S FEE: WHEN TAXABLE AS COSTS. When an attorney's fee is authorized to be taxed as costs it may be fixed by the

court without a jury, but after an appeal is taken in the action it cannot properly be fixed until such appeal is determined.

### Appeal from Black Hawk Circuit Court.

#### Tuesday, June 21.

Action upon two promissory notes executed to plaintiff by defendants. For answer the defendants plead usury. There was a trial by jury and verdict and judgment were rendered for the plaintiff for the full amount claimed. From such judgment the defendants appeal.

After the appeal was taken the plaintiff filed a motion to retax costs so as to include an attorney's fee, it having been stipulated in the notes that an attorney's fee might be taxed with the costs. The court overruled the motion and from such order the plaintiff appeals.

*Boies & Couch*, for appellant.

*O. C. Miller*, for appellees.

Adams, Ch. J.—I. The court upon motion struck out a part of the defendants' answer, and the first question presented by the defendants is as to the correctness of the action of the court in so doing.

Before proceeding to the consideration of the question it is necessary that we should state that prior to the execution of the notes in question the defendant S. F. Searles had borrowed a large sum of money of one Vorce at a usurious rate of interest. At the time the notes in suit were given there remained due to Vorce the amount of these notes, to-wit, the sum of $700. One George Mason was acting for Vorce in attempting to collect the notes due him. Searles represented that he was without the means to pay. Thereupon, at the suggestion of George Mason, Searles, with his brother as surety, who is made defendant herein, executed to plaintiff the notes in suit

1. PLEADING: allegation of fraud: insufficiency of.

and George Mason, who was acting as agent for plaintiff in loaning money and had then money in his hands to loan for plaintiff, advanced the sum of $700 from the plaintiff's money and paid off Vorce and delivered the new notes to plaintiff. The defendants claim that they did not understand that they were making a new loan, but simply procuring an extension of the old one, and that if the transaction is to be considered as the making of a new loan they were led into it by the fraud of George Mason. They accordingly averred in their answer in substance that they had no knowledge that George Mason was acting for the plaintiff; that he represented that he was acting for Vorce and fraudulently concealed from the defendants that he was taking the notes in the name of the plaintiff, and fraudulently led them to believe that he was taking the notes in his own name as the agent of Vorce and for his benefit; that they never had any business with the plaintiff and never gave the notes as evidence of a loan of money from him.

So much of the answer as contains the foregoing averments in substance was stricken out and the ruling thereon is assigned as error.

It was competent, of course, for the defendants to show if they could that in the execution of the new notes they did not in fact make a new loan from plaintiff, but procured an extension of the old one from Vorce. But this averment in substance was left in their answer after the motion to strike out was sustained, and upon the issue tendered by this averment the case was tried. They claim, however, that they were entitled to go farther and maintain their defense of usury even if they did make a new loan from the plaintiff, provided they were fraudulently induced to believe that they were not doing so, but merely procuring an extension from Vorce.

They further claim that as George Mason was the plaintiff's agent in taking the notes his fraud should be deemed the plaintiff's fraud.

The doctrine of the responsibility of the principal for the agent's fraud we do not care to discuss. If we should concede that George Mason's acts were the plaintiff's acts we should not be prepared to say that the right to plead usury is such a right that a person can be said to be defrauded of it by a third person who has no interest in it. But we do not need even to go into that question. The averment of fraud in this case it appears to us is nothing more than the averment of a conclusion. No specific word or act of George Mason is averred which appears to be fraudulent. It is averred, to be sure, that he concealed from the defendants that he was taking the notes in the name of the plaintiff. But the plaintiff's name was written in the notes, and there is no averment that there was any attempt to conceal the name thus written. They further aver that George Mason led them to believe that he was taking the notes in his own name, but they do not aver that he represented that the name written in the notes was his name. Possibly he did lead them so to believe, but if so it may be that he had no such design, and that they had no good reason for believing it. The fraud then, so far as the answer shows, is merely the defendants' conclusion. In sustaining the motion to strike out we think there was no error.

II. The plaintiff was allowed to testify against the objection of the defendants that he had no knowledge of the Vorce transaction. They say that he should not have been allowed to so testify because it had already been proven that he had such knowledge by reason of the fact that his agent George Mason had it, and that by allowing plaintiff to testify to a want of personal knowledge the court might have led the jury to infer that a want of personal knowledge was sufficient to enable him to evade the plea of usury.

2. USURY: when no defense: money borrowed to pay usurious debt.

In our opinion the testimony was immaterial, but for a reason which absolutely precluded it from being prejudicial.

Where one person borrows money of another at a legal rate of interest to pay a usurious debt he cannot maintain a plea of usury against the new creditor by showing that he knew that the debt paid off with the borrowed money was usurious. If, then, the plaintiff had testified not only that he had knowledge of the Vorce debt but knew it to be usurious, and that his money was borrowed to pay it, his case would not have been different.

It is true that the evidence shows that some blood relationship existed between plaintiff and Vorce, and it is insisted that where money is borrowed of one relative to pay another, as in this case, a different rule may be applicable, but this cannot be admitted.

Near relationship may sometimes be shown as a circumstance in determining a question of fraud, but, as we hold, there was no question of fraud in this case.

III.   The court gave an instruction in these words: "The mere fact that George Mason was agent for said Vorce and that the said loan from Vorce was usurious and that said usurious loan was discharged by a loan made by said George Mason for the plaintiff, John Mason, Jr., does not make the latter loan liable to the defense of usury."

The defendants claim that this instruction is in conflict with *Garth v. Cooper & Smith*, 12 Iowa, 365. In that case the court said: "The substitution of one contract for another —the taking of a new note for the old one—will not purge it." But the instruction given supposes a new loan, and that too from a different party from the original creditor. If there was such loan there was no substitution.

IV.   The defendants claim that the verdict is contrary to the evidence, but it seems to us otherwise.

Several errors are assigned which we have not specifically discussed. They are covered substantially, we think, by the views which we have expressed.

V.   Coming to the question of the plaintiff's appeal, we

have to say that as the motion to tax an attorney's fee was not made until after the appeal was taken we think it was very **8. PRACTICE: attorney's fee: when taxable as costs.** properly overruled. The court had reason to suppose that if the appeal was prosecuted a greater attorney's fee, or none at all, would be allowable. The defendants insist that the motion should have been overruled even if no appeal had been taken, because no attorney's fee can be taxed except upon evidence, and no evidence should be allowed except upon the main trial. In our opinion the taxation of an attorney's fee where it is to be taxed as costs is an independent matter, and that the fee may be taxed after the services are concluded and when it can be ascertained once for all what amount should be allowed. It might be otherwise if a jury was necessary, but in this case it was not. *Musser v. Crum*, 48 Iowa, 54.

Upon both appeals we think that the judgment should be

AFFIRMED.