SMITH, *Plaintiff in Error*, v. PHELPS.

**Ejectment.** Transfer of title by plaintiff in ejectment pending the suit will not defeat his right to recover possession. See R. S. 1879, §§ 2253. 3671.

*Error to Buchanan Circuit Court.*—HON. JOSEPH P. GRUBB, Judge.

REVERSED.

*Doniphan & Reed* for plaintiff in error, cited R. S. 1879, § 3671; *Jordan v. Ping*, 32 Iowa 64; *Arnold v. Keyes*, 37 N. Y. Superior Ct. (J. & S.) 135.

*Allen H. Vories, E. O. Hill* and *Daniel Sullivan* for defendant in error.

The title of plaintiff's sister, Mrs. Duncan, was, at the time of the trial, a present subsisting and operative title, and is a bar to plaintiff's recovery in this action. To prevent a recovery, it was sufficient for this defendant to show title out of plaintiff, and it was not essential that he-

should establish his own title.　*Thompson v. Lyon*, 33 Mo. 219 ; *Callaway v. Fash*, 50 Mo. 420.　In order to maintain the action, it devolved on plaintiff not only to show a legal title at the commencement of his suit, but also at the time of trial and judgment, with the right of possession to the same.　*Payne v. Treadwell*, 5 Cal. 310 ; Tyler on Eject., 75, 76 ; *Cheney v. Cheney*, 26 Vt. 606 ; *Alden v. Grove*, 18 Pa. St. 377; *Bryan v. Wear*, 4 Mo. 112; *Cincinnati v. White*, 6 Pet. 431 ; *Heffner v. Betz*, 32 Pa. St. 376.　A plaintiff cannot recover in ejectment, though he sue for the use and benefit of another who has the legal title.　Tyler on Eject., 74 ; *Brooking v. Diarmond*, 27 Ga. 58.　As soon as plaintiff made the conveyance to his sister, his legal title and right of possession were extinguished, and the court could only award him damages and costs.　R. S. 1879, § 2253.

HOUGH, J.—This is a suit in ejectment, and is the same case reported in 63 Mo. 585.　By reference to the opinion there delivered, it will be seen that the case was remanded for an adjustment of the equities between the parties as therein directed.　Before the case was retried, the plaintiff conveyed the premises sued for to his sister.　This fact appearing at the trial, the court refused to render judgment for possession, or to adjust the equities between the parties as directed by this court, but rendered judgment for plaintiff for the ground rent up to the date of the execution of his deed to his sister.　This judgment was based upon § 2253 of the Rev. Stat., which is as follows: "If the right of the plaintiff to the possession of the premises expire after the commencement of the suit, and before the trial, the verdict shall be returned according to the fact, and judgment shall be entered only for the damages and costs." This statute has, in our opinion, no application to a case like the present.　It is intended to apply to cases where the estate of the plaintiff is, in its nature, a limited and determinable one, and expires before the trial, and not to cases where the estate continues to exist, but has been

transferred after the commencement of the suit. In case of transfer, section 3671 applies. This section provides that the action may be continued in the name of the original party, or the person to whom the transfer is made may be substituted in the action; but, if upon the application of the party who made the transfer, the person to whom it is made refuses to indemnify him against costs and damages, or to cause himself to be substituted, the suit shall be dismissed. Like statutes in the State of Iowa have been similarly construed by the supreme court of that state in the case of *Jordan v. Ping*, 32 Iowa 64. The judgment will be reversed and the cause remanded. All concur. .