## ASHER v. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, *Appellant.*

1. **Railroads** : KILLING STOCK : DOUBLE DAMAGES : EVIDENCE. In an action against a railroad company for double damages for killing plaintiff's hogs, where the evidence shows they were killed by defendant's trains in the township in which suit was brought, and at a place where the track was not fenced, but was required by law to be fenced, the trial court is justified in concluding that they entered upon the track where it was not fenced, and especially so in the total absence of proof that the road had any fences along its sides in that vicinity.

2. **Practice** : TRANSFER OF INTEREST IN SUIT : INDEMNITY. Where an interest is transferred in any action pending, it may be continued in the name of the original party, if the party to whom the transfer is made will indemnify the original party against all costs and damages occasioned thereby (R. S., sec. 3671). If the court, upon the application of the person making the transfer, orders the party to whom the transfer was made to give such indemnity, and the order is not complied with, the suit may be dismissed and judgment entered for the defendant.

3. ———: ———: ———: WAIVER. A plaintiff may waive his right to demand an indemnifying bond upon making such transfer, and if he allows the suit to be proceeded with in his name without demanding such bond for his protection, it is not a matter of which defendant can complain.

*Appeal from Butler Circuit Court.*—H. H. BEDFORD, Esq., Special Judge.

AFFIRMED.

*Geo. H. Benton* for appellant.

(1) There was no evidence whatever upon which the court could have legally found a judgment for the plaintiff. *Wade v. Railroad,* 78 Mo. 362 ; *Matson v. Railroad,* 80 Mo. 229 ; *Barnett v. Railroad,* 68 Mo. 65 ; *Thompson v. Railroad,* 74 Mo. 560 ; *Morris v.*

Railroad, 79 Mo. 367 ; Fitterling v. Railroad, 79 Mo. 504 ; Nance v. Railroad, 79 Mo. 196. (2) Because the evidence showed that the plaintiff was not the real party in interest, and had no interest in the judgment rendered. R. S., 1879, sec. 3462 ; Wallen v. Railroad, 74 Mo. 521 ; Weise v. Gerner, 42 Mo. 527.

S. M. Chapman for respondent.

(1) Plaintiff's statement was sufficient. If defective, it was in form only. Defendant's motion to strike out would not reach formal defects, as it did not specify the defects. R. S., sec. 3557 ; Green & Myer's Mo. Prac., secs. 950, 952. The "subject matter" was the right to recover under section 809, Revised Statutes, for stock killed by defendant. This was within the jurisdiction of the justice. As to requisites of motions to strike out, see Patterson v. Hollister, 32 Mo. 478 ; Pearce v. McIntyre, 29 Mo. 423 ; O'Conner v. Koch, 56 Mo. 253. (2) [a] The demurrer was also properly overruled. R. S., sec. 3515 ; Bliss on Code Pl. 412 ; Green & Myer's Mo. Prac. 888 ; Otis v. Bank, 35 Mo. 128 ; Christal v. Craig, 80 Mo. 371 ; Mulholland v. Rapp, 50 Mo. 42 ; Mooney v. Kennett, 19 Mo. 551. [b] The defect of uniting in one count separate and independent causes of action, which could have been properly united in the same suit can be reached only by motion to strike out the objectionable parts. R. S., sec. 3512 ; Bass v. Comstock, 38 N. Y. 21 ; Green & Myer's Mo: Prac., sec. 935 ; Mulholland v. Rapp, supra ; Otis v. Bank, 35 Mo. 128. [c] The complaint that the petition does not state facts sufficient to constitute a cause of action applies only to the substance of the pleading and does not reach defects only formal. 1 Chit. Pl. [10 Am. Ed.] 663 ; Gould's Pl., chap. 9, secs. 15, 16, 19, 21 ; Story's Eq. Pl. sec. 455 ; Cooper's Eq. Pl. 118. [d] Upon the overruling of the demurrer, the defendant filed answer upon

the merits.    This was a waiver of the demurrer even had
it been well taken.  *Board v. Hackman*, Mo. 246;
*Ware v. Johnson et al.*, 55 Mo. 504; *Pickering v.
Miss. Valley Tel. Co.*, 47 Mo. 460 ; Green & Myer's
Mo. Prac., secs. 894, 897, 898 ; *Campbell v. Wilcox*, 10
Wall. 421 ; *Fuggle v. Hobbs*, 42 Mo. 537; *Young v.
Martin*, 8 Wall. 359.  [e] The complaint urged to plain-
tiff's amended statement in the circuit court is answered
in *Rowland v. Railroad*, 73 Mo. 619 ; and the objec-
tion to the jurisdiction of the circuit court, the defend-
ant having appeared and gone to trial, is settled in
*Reddick v. Newburn*, 76 Mo. 423.    The objection that
the evidence was insufficient is frivolous.    The case was
fully proven.    Whether the evidence was or was not
sufficient was for the trial court, and its finding will not
be disturbed on appeal.  *Garneau v. Herthel*, 15 Mo.
191 ; *Gillispie v. Stone*, 43 Mo. 350 ; *McLean v. Bragg*,
30 Mo. 262 ; *Thompson v. Russell*, 30 Mo. 498 ; *Papin
v. Allen*, 33 Mo. 260 ; *Steamboat v. Matthews*, 28 Mo.
248 ; *Huckshorn v. Hartwig*, 81 Mo. 648.  (3) Where
there is any substantial evidence tending to support the
finding and judgment of the trial court, this court will
not review the finding of the trial court.    *Crane v. Tim-
berlake*, 81 Mo. 431 ; *Huckshorn v. Hartwig*, 81 Mo.
648 ; *Hodges v. Black*, 76 Mo. 537; *State v. Music*, 71
Mo. 401 ; *State v. Zorn*, 71 Mo. 416.

NORTON, J.—This cause has a remarkable and un-
usual history.    It is an action to recover damages for
hogs alleged to have been killed by defendant in operat-
ing its road, the hogs having strayed on the road by
reason of defendant's failure to fence along its sides.
The suit was brought in 1877, before a justice of the
peace in Poplar Bluff township, Butler county, in Au-
gust, 1877, from whose judgment in plaintiff's favor an
appeal was taken to the circuit court of Butler county,
from which county, on defendant's application, based on

the prejudice of the inhabitants of said county, a change of venue was awarded to the Stoddard county circuit, where, after one or more continuances, had on defendant's motion, a change of venue of the same to Ripley county was granted on defendant's application, based on the prejudice of the inhabitants of Stoddard, Wayne, Dunklin and Butler counties. After the cause had thus been transferred to Ripley county, by agreement of parties, the cause was returned back to Butler county in 1883, the same county in which it originated in 1877. At the November term, 1883, of the Butler circuit court, it was tried by the court, a jury having been waived, and judgment rendered for the plaintiff, from which defendant prosecutes this appeal.

No instructions were asked on either side, and none were given, and the only points relied upon by counsel in his brief for a reversal of the judgment are that the evidence did not warrant the judgment, and that plaintiff, having sold his interest after the institution of the suit, was not the real party in interest. It is argued that the evidence wholly failed to show that the hogs in question were killed in Poplar Bluff township, and to show that they got on the track of the road at a point where it was not fenced. This point is not well taken. Jordan Ray, whose deposition was read on the part of plaintiff, testified as follows: "I know of nineteen hogs being killed on the St. Louis, Iron Mountain & Southern Railroad in the township of Poplar Bluff. The hogs belonged to Asher, and were killed by the trains of defendant. None of them were over twenty or twenty-five feet from the track, and some of them were on the track." It was shown by the evidence of other witnesses that the hogs for which a recovery was had were killed at a place on the road where it was not fenced, and where defendant was bound to fence, about one mile east of the town of Poplar Bluff. Although the evidence as to the place where the hogs got on the track was not direct the court

might well have concluded from the facts in proof that they strayed upon it at the point where it was not fenced, especially so in the total absence of proof that the road had any fences along its sides in that vicinity.

It is claimed by counsel that, as it was shown by the evidence, that plaintiff, after the institution of his suit before the justice, and after he had obtained judgment, and after defendant's appeal therefrom to the circuit court, had sold his interest to one Chapman, that the suit could no longer be prosecuted in his name on that account, and that the judgment in his favor is, therefore, erroneous. It is expressly provided by section 3671, Revised Statutes, "That where an interest is transferred in any action now pending   *   *   *   the action shall be continued in the name of the original party, if the party to whom the transfer is made will indemnify the party in whose name the suit is to be continued against all costs and damages that may be occasioned thereby ; or the court may allow the person to whom the transfer is made to be substituted in the action ; and in all such cases the party to whom the transfer is made shall be required by the court, upon the application of the party who made the transfer, either to give such indemnity or to cause himself to be substituted in the action, and upon his omission to do so the court shall order the suit dismissed." If the plaintiff had applied to the court and asked that Chapman be required to give such indemnity, and he had been ordered to do so, and failed, the court would then have been justified in dismissing the suit, and rendering judgment in defendant's favor. If the plaintiff saw fit to waive his right to demand an indemnifying bond for his own protection, and allow the suit to be proceeded with in his name, it is not a matter of which defendant can complain. In the case of *Smith v. Phelps*, 74 Mo. 598, it is expressly held that the transfer of title by plaintiff in an ejectment pending the suit will not defeat his right to recover pos-

session, and the decision was based on the section of the statute above quoted.

Judgment affirmed, in which all concur.