FIRST TRUST & SAVINGS BANK OF BLANCHARD, Appellee, v. H. C. JOHNSON, Appellant.

**PARTIES:** Plaintiffs—Real Party in Interest—Disproving Ownership
1 of Note. The plea that plaintiff in an action on a note as indorsee is not the real party in interest because the note carries a subsequent indorsement by plaintiff to another indorsee becomes of no consequence when said subsequent indorsee is in court and personally causes proof to be made that plaintiff is the real owner of the note.

**BILLS AND NOTES:** Actions—Defense—Neglect to Collect of Ma_er.
2 The plea of the indorser of a note that the indorsee ˙negligently failed to file a claim against the estate of the maker for the amount of the note becomes of no consequence when it appears that the indorser himself had filed such claim.

Headnote 1:  8 C. J. p. 831; 30 Cyc. p. 51.   Headnote 2:  8 C. J. p. 458.

Headnote 1:   11 A. L. R. 957; 3 R. C. L. 981.

*Appeal from Page District Court.*—EARL PETERS, Judge.

DECEMBER 14, 1926.

Suit to recover on a promissory note. From a judgment entered in favor of plaintiff on the verdict of the jury, defendant appeals.—*Affirmed*.

*Ferguson, Barnes & Ferguson,* for appellant.

*Stephens & Thornell,* for appellee.

ALBERT, J.—On the 31st day of December, 1920, one J. A. Miller executed and delivered to appellant, H. C. Johnson, a promissory note, in the usual form, for the sum of $110, with 8

1. PARTIES: plaintiffs: real party in interest: disproving ownership of note.

per cent interest from date, and due in 90 days. On the 6th of April, 1921, Johnson transferred this note to the appellee bank, by indorsing same to the bank, and it is on this indorsement by Johnson that this action is based. The note also bears an indorsement following that of Johnson, as follows:

"Pay to the order of Stephens & Thornell (All Prior Endorsements Guaranteed). (Signed), First Trust & Savings Bank, Walter Hooker, Cashier."

It is insisted by appellant that this instrument is nonnegotiable, and that, therefore, Johnson's liability is to be determined under the rule governing the indorsement of nonnegotiable instruments. However this may be, under this record the fact would be immaterial.

It is next insisted that, because of the indorsement to Stephens & Thornell above referred to, appellee is not the owner of the note, and, therefore, is not entitled to sue thereon. There is no showing of any delivery of the note to Stephens & Thornell, unless it be by reason of the matters to which reference is about to be made. The case has a peculiarity in this: That the attorneys who tried the case for appellee were the persons named as indorsees of said note. Appellee insists that the possession of the note by the bank was prima-facie evidence of ownership, and that until that presumption is rebutted by competent evidence, it must stand as an undisputed fact. On the trial, one of the attorneys for appellee handed the note to the president of the bank, who identified the same, and who was questioned as to the ownership thereof. The only purpose of the statutory requirement that an action must be brought in the name of the real party in interest is to protect the defendant from double litigation. In this case, the only reason, under the statute, for determining the question as to whether or not the appellee bank was the owner of said note was to the end that appellant could not be sued a second time on said note. In other words, if judgment were obtained against him in this proceeding, the same

would be pleadable as a bar in the event that Stephens & Thornell should sue him again on said note, claiming to be the owners thereof by reason of the aforesaid indorsement. It seems to us very satisfactory to say that, under this situation, this firm of attorneys having tried the case, and one of the members thereof having presented the note to the president of appellee bank, and having him testify that the bank was the owner of the note, said firm of attorneys, as indorsees, thereby placed themselves in such a position that they could not afterwards claim that they were the owners or holders of this note. Hence there is nothing for appellant in this contention.

After the bank purchased this note from Johnson, the maker of the note died; and it is insisted that the bank is guilty of laches in neglecting to diligently press for collection this past-due paper against Miller by failing to file a claim against his estate. If we assume, without deciding, that there was a duty on the part of the bank to file its claim against the estate of

2. BILLS AND
NOTES: ac-
tions: defense:
neglect to col-
lect of maker.

Miller, such rule would have no application, under the facts in this case. The record satisfactorily shows that, after the bank became possessed of this paper, they sought to have Miller make a new note, payable to Johnson, which he did, and that the bank presented the same to Johnson and asked him to indorse the same. He refused so to do, but Johnson did file a claim against the Miller estate for the amount due on this debt, which is evidenced by a copy of the renewal note above referred to. He should not be permitted to complain of the alleged dereliction of the bank in relation to filing of the claim against the Miller estate, when he filed a claim himself. There is nothing in this contention by appellant, under these circumstances.

A reply was filed by appellee herein, and a motion made to strike the same from the files. There is nothing in this motion, because, so far as we are able to determine from the record, the reply about which complaint was made was filed a number of days before the commencement of the trial of the case.

Some other matters are touched in argument, but they are not controlling.—*Affirmed.*

DE GRAFF, C. J., and EVANS and MORLING, JJ., concur.