A. W. RICHARDSON, Appellant, v. CLARK BROS. et al., Appellees.

**PARTIES:** **Party Plaintiff—Substitution—Right to Show Ownership of Claim.** Upon the substitution of the actual owner of a promissory note sued on as plaintiff, in lieu of a plaintiff who had sued as indorsee for collection only, the substituted plaintiff should be permitted to show by written assignment, and irrespective of any consideration, that the note had been fully and formally retransferred to him.

Headnote 1:   8 C. J. pp. 840, 1034; 31 Cyc. p. 485.

*Appeal from Monroe District Court.*—W. M. WALKER, Judge.

FEBRUARY 8, 1927.

Action upon a promissory note. At the close of plaintiff's case, the petition, on motion of the defendants, was dismissed, and plaintiff appeals.—*Reversed.*

*John F. Abegglen,* for appellant.

*Bates & Dashiell,* for appellees.

STEVENS, J.—The note in suit is for $3,000, was executed April 15, 1922, by appellees to A. W. Richardson, and became due in one year after date. On January 20, 1924, the note was transferred by A. W. Richardson to J. M. Richardson by appropriate indorsement on the back thereof. This action was commenced June 3, 1924, in the name of J. M. Richardson as plaintiff. Some months later, the plaintiff J. M. Richardson filed an amendment to the petition, alleging that the note was in fact the property of A. W. Richardson, and that same had been transferred to him only for the purpose of collection. On or about the same date, the plaintiff moved the court for an order

substituting A. W. Richardson as plaintiff. The record does not disclose affirmatively that the motion was ever ruled on, but, during the course of the trial, counsel for the defendant admitted that an order of substitution was made, and the case was apparently tried upon that theory.

The answer admitted the execution of the note, and, among other allegations, averred that the action is not prosecuted in the name of the real party in interest. Before trial, an amendment to the petition was filed by A. W. Richardson, as substituted plaintiff, alleging the reassignment of the note to him, and incorporating in said amendment a separate written instrument, dated November 1, 1924, to that effect.

At the conclusion of plaintiff's case, the defendant moved the court to dismiss the petition, upon the grounds (a) that the action was not prosecuted in the name of the real party in interest; (b) that the evidence showed affirmatively that A. W. Richardson is not the owner of the note; and (c) that the alleged written assignment thereof by J. M. Richardson to A. W. Richardson is of no validity or effect. The motion was sustained, and the petition dismissed.

During the trial, appellant sought to introduce parol evidence to show that the purpose of the original transfer of the note by appellant to J. M. Richardson was for collection only. This testimony was excluded by the court, upon the objection of appellees. This ruling is not assigned as error. The court, however, also excluded the written assignment, upon the theory that title to a negotiable note, once transferred by indorsement, cannot be transferred by the execution of a separate written instrument.

An action is not abated by the transfer of any interest therein during its pendency, and new parties may be brought in, if necessary. Section 10991, Code of 1924; *Bank of Commerce v. Timbrell*, 113 Iowa 713; *Jordan v. Ping*, 32 Iowa 64; *Chickasaw County v. Pitcher*, 36 Iowa 593; *Kreuger v. Sylvester*, 100 Iowa 647; *Markley v. Western Union Tel. Co.*, 159 Iowa 557.

Substitution of parties plaintiff may, and should always, be granted unless the defendant will be in some way prejudiced thereby. *Ferry v. Page*, 8 Iowa 455; *Fannon v. Robinson*, 10 Iowa 272; *Emerson v. Miller*, 115 Iowa 315; *Kringle v. Rhomberg*, 120 Iowa 472; *Mayo v. Halley*, 124 Iowa 675. This rule

applies to actions upon promissory notes, as well as to other choses in action. *Allen v. Newberry,* 8 Iowa 65; *Howey v. Willtrout,* 10 Iowa 105; *Wahl v. Phillips,* 15 Iowa 478. The party substituted is placed in the same position as the original party to the action, assuming the burdens and receiving the benefits thereof. *Crary v. Kurtz,* 132 Iowa 105.

Appellees are in no position to complain that the written assignment of the note by J. M. to A. W. Richardson was without consideration. The assignee was fully bound thereby and concluded thereby. Moreover, there is nothing in the record to indicate that appellees were in any way prejudiced by the substitution of appellant as plaintiff. The note was past due when originally transferred, and was subject to all defenses in the hands of either appellant or J. M. Richardson when this action was begun. Payment of a judgment rendered on the note in favor of A. W. Richardson as substituted plaintiff would fully discharge appellees from further liability on the notes. *First Tr. & Sav. Bank v. Johnson,* 202 Iowa 799.

None of the grounds of the motion to dismiss the petition were good, and it should have been overruled. Execution of the note was admitted, the written assignment should have been received in evidence, and, in the absence of any testimony by appellees to sustain some defense thereto, judgment should be entered for appellant.—*Reversed.*

EVANS, C. J., and FAVILLE and VERMILION, JJ., concur.