**NELSON CABINETS, INC.,
Plaintiff–Appellee,**

v.

**Leo C. PEIFFER and Paula Peiffer,
Defendants–Appellants.**

No. 94–563.

Court of Appeals of Iowa.

Nov. 27, 1995.

Gary L. Robinson of Klinger, Robinson, McCuskey & Ford, Cedar Rapids, for appellants.

Martha L. Quint of Faches, Gloe, Quint & Martin, Cedar Rapids, for appellee.

Considered by SACKETT, P.J., and HABHAB and CADY, JJ.

CADY, Judge.

This appeal involves a lawsuit over a past-due account for services. A jury awarded a verdict for the unpaid amount of the account. On appeal, we affirm.

Nelson Cabinets, Inc. is in the business of building custom cabinets. At all times relevant to this lawsuit, the business was owned by Donald and Marcus Nelson. Donald and Marcus are brothers. Between February 20, 1989, and April 14, 1989, Nelson Cabinets performed custom cabinet-work for a restaurant in Cedar Rapids called The Gallery. The restaurant was owned by Leo and Paula Peiffer. The total bill for the work was $13,710.32. The Peiffers paid $6,000, and $7,710.32 remained due.

Nelson Cabinets eventually assigned the unpaid account to CSC Credit Services, Inc., who filed a petition against the Peiffers on January 31, 1992. CSC sought to recover $7,710.32 on the unpaid account, with interest from February 1, 1990, of $2,544.41, for a total of $10,254.73, with interest from the date of filing the petition.

The Peiffers filed a counterclaim alleging Donald, Marcus, and another brother, Roger Nelson, owed them a certain amount from the construction of a house. The Peiffers asked to offset this amount against the amount they owed Nelson Cabinets for the work done at the restaurant.

On January 13, 1994, CSC filed a motion to substitute parties. In the motion, CSC stated it reassigned the account to Nelson Cabinets. The Peiffers did not resist the motion.

At trial, the Peiffers filed a motion for directed verdict after Nelson Cabinets presented its case. The Peiffers claimed Nelson Cabinets failed to show it owned the account. They pointed out Donald had filed an affidavit in conjunction with the petition stating CSC owned the account, and that no later affidavit was filed showing the account had been reassigned. The district court reserved ruling on this issue.

The Peiffers also claimed Nelson Cabinets failed to give notice it was imposing interest, and presented no evidence of any agreement to pay interest. The district court granted the motion for directed verdict and dismissed the claim for pre-filing interest.

During rebuttal testimony, Donald was asked whether he owned the account at issue in this case. The court overruled the Peiffers' objection to the question, and Donald testified he did own the account.

The jury entered a verdict for Nelson Cabinets and awarded $7,710.32. The jury also found in favor of Nelson Cabinets on the counterclaim. The Peiffers filed a motion for judgment notwithstanding the verdict, an alternative motion for new trial, and an application for attorney fees. These motions were denied by the district court. The Peiffers appealed.

**I.** This case was tried at law, and our review is for the correction of errors of law. Iowa R.App. P. 4. The jury's findings of fact are binding on appeal if supported by substantial evidence. *Shams v. Carney*, 518 N.W.2d 366, 368–69 (Iowa 1994).

**II.** The Peiffers contend the district court erred in failing to grant their motion for directed verdict on the ground that Nelson Cabinets failed to show it was the owner of the account. The Peiffers believe Nelson Cabinets did not present substantial evidence to show it was the owner and holder of the account. They claim there is a possibility CSC could demand payment on the same account, and they could be forced to litigate the debt twice.

In considering the propriety of a motion for directed verdict, the court views the evidence in the light most favorable to the party against whom the motion was made. Iowa R.App.P. 14(f)(2). This rule is followed regardless of whether the evidence was contradicted. *Federal Land Bank v. Woods*, 480 N.W.2d 61, 65 (Iowa 1992). In addition, the nonmoving party is entitled to every reasonable inference from the evidence. *Id.* If reasonable minds could differ on the issue, it is proper to submit it to the jury. *Larsen v. United Federal Savings & Loan Ass'n*, 300 N.W.2d 281, 283 (Iowa 1981).

We note the Peiffers did not resist the motion to substitute parties. In arguing the motion for directed verdict, their counsel explained he did not object to the substitution because he felt it added an element of proof for Nelson Cabinets because it would have to prove it was the owner of the account. He stated he hoped the substitution would create proof problems for Nelson Cabinets at trial.

We find no error in the district court decision to deny the motion for directed verdict on this issue. We believe substantial evidence in the record existed to show Nelson Cabinets was the owner of the account. Donald testified Nelson Cabinets performed work for the Peiffers and had not been paid in full.

Considering all the evidence, it was reasonable to infer Nelson Cabinets had an interest in the account. Donald did file an affidavit earlier in the proceedings indicating Nelson Cabinets had no ownership interest in the account, but the impact of the affidavit was altered by the later substitution of parties, which was not opposed by the defendants. Under all the circumstances, the motion for directed verdict was properly denied.

Moreover, we believe the Peiffers would not be required to pay twice on the same account. A substituted party is placed in the same position as the original party to the action, assuming the burdens and receiving any benefits. *Richardson v. Clark Brothers*, 202 Iowa 1371, 1373, 212 N.W. 133, 134 (1927). Payment on a judgment rendered in favor of a substituted plaintiff fully discharges a defendant from further liability on the debt. *Id.*, 212 N.W. at 134.

**III.** The Peiffers also claim they were entitled to recover attorney's fees and court costs under Iowa Code section 535.11(8) (1993) based on Nelson Cabinets' unlawful claim for finance charges.[1] The petition filed in this case sought interest on the account prior to the filing of the petition. The district court dismissed the claim for pre-filing interest in response to Peiffers' motion for a directed verdict made during trial.

The counterclaim by the Peiffers did not include a claim for statutory attorney fees, and no efforts were made to include such a claim prior to or during the trial. Two days after the jury verdict, however, counsel for Leo Peiffer filed an application for attorney fees and court costs based on the dismissed claim for interest. The district court summarily denied the application.

 Nelson Cabinets asserts the Peiffers waived any claim for attorney fees by failing to raise it in the pleadings prior to or during trial. It also argues section 535.11(8) specifically limits recovery of attorney fees to circumstances, not present in this case, where a creditor was paid finance charges in violation of a statute.[2]

 There is no established procedure in Iowa to follow in making a claim for statutory attorney fees. Attorney fee awards, however, are considered to be a special kind of compensatory damages. *Hockenberg Equip. Co. v. Hockenberg's Equip. & Supply Co. of Des Moines, Inc.*, 510 N.W.2d 153, 159 (Iowa 1993). Generally, special damages must be pleaded to warrant recovery. *Wright v. Norris*, 193 Iowa 757, 762, 187 N.W. 482, 484 (1922); 25 C.J.S. *Damages*, § 131(c) (1966). The pleading provides the opposing party fair notice and opportunity to defend the claim. *See Schmidt v. Wilkinson*, 340 N.W.2d 282, 283 (Iowa 1983).

 Consistent with this line of authority, we conclude attorney fees must be specifically pleaded before they may be awarded. We can find no reason to separate attorney fees from other kinds of special damages or to establish separate rules allowing them to be raised after the trial. Attorney fees are not automatically awarded to a successful party following the entry of judgment simply because they are provided by statute. *See Western Casualty & Sur. Co. v. Southwestern Bell Tel. Co.*, 396 F.2d 351, 356 (8th Cir.1968). The statute only provides the opportunity to claim attorney fees. It is not a substitute for notice provided by pleadings. Furthermore, requiring a claim for attorney fees to be specifically pleaded is consistent with the approach followed in federal courts under Federal Rule of Civil Procedure 9(g). *See generally* 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1310 (2d Ed.1990). In this case, the Peiffers never claimed attorney fees in the pleadings, at pretrial conference, or at trial. The issue was not tried by consent. Accordingly, we affirm the denial by the district court of the post-trial application for attorney fees.

**AFFIRMED.**

---

1. Iowa Code section 535.11(8) provides:
 If a creditor imposes a finance charge in violation of this section, the debtor shall have the right to recover all amounts unlawfully received by the creditor as finance charges, plus attorney's fees and court costs incurred in any action to effect recovery. This subsection does not limit remedies which may be available under chapter 537.

2. We hold Peiffer is not entitled to attorney fees because the claim was not specifically plead. Accordingly, it is unnecessary to specifically decide the issue of whether the circumstances of this case fell within the parameters of section 535.11(8). We are, however, unable to find any justification for distinguishing between debtors who must resort to the courts to recover an illegal finance charge paid to a creditor from debtors who must defend themselves in court after refusing to pay an illegal finance charge. Furthermore, the term "recovery" broadly includes the concept of obtaining a favorable judgment. *See Webster's New Collegiate Dictionary* (1976). We liberally construe statutes to promote their objectives and to assist litigants in obtaining justice. Iowa Code § 4.2 (1993).