# IN THE SUPREME COURT OF IOWA

No. 09–0123

Filed March 19, 2010

**FRONTIER LEASING CORPORATION,** Assignee From
C & J VANTAGE LEASING, Assignor,

     Appellant,

vs.

**TREYNOR RECREATION AREA,**

     Appellee.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, Eliza J. Ovrom, Judge.

Further review of court of appeals' decision finding assignments of lease invalid and requiring substitution of real party in interest. **DECISION OF COURT OF APPEALS VACATED IN PART; DISTRICT COURT JUDGMENT CONDITIONALLY AFFIRMED, AND CASE REMANDED.**

Edward N. McConnell and Aaron H. Ginkens of Ginkens & McConnell, P.L.C., Clive, for appellant.

A.W. Tauke of Porter, Tauke & Ebke, Council Bluffs, for appellee.

**PER CURIAM.**

The appellant, Frontier Leasing Corporation (Frontier), seeks to recover for the default of the appellee, Treynor Recreation Area (Treynor), under an equipment lease between Treynor and C and J Leasing Corporation. Frontier alleged it had been assigned the lease through a series of assignments involving various entities. At issue is not only the validity of these assignments, but also the identity of the real party in interest holding the right to seek recovery for the default. The case went to trial and the district court dismissed the petition on the grounds that, because of errors in the chain of assignment, Frontier was not the real party in interest. Frontier appealed, and the court of appeals affirmed the district court's judgment. In so doing, the court of appeals stated:

> [Because of errors in the chain of assignment,] Frontier has no enforceable interest in the lease and is not the real party in interest. On remand, the district court shall allow a reasonable period of time for substitution of the real party in interest. Iowa R. Civ. P. 1.201.

Without deciding the merits of whether the real party in interest should be substituted under Iowa Rule of Civil Procedure 1.201, we hold that Treynor should have an opportunity to show prejudice by any substitution. *Estate of Kuhns v. Marco*, 620 N.W.2d 488, 495 (Iowa 2000) (discussing Iowa Rules of Civil Procedure 2 and 69(c), now rules 1.201 and 1.402(5), and stating that "the defendant should be given an opportunity to show prejudice in the event that notice of the misnamed party adversely impacted the policy considerations of the statute of limitations"); *see also Richardson v. Clark Bros.*, 202 Iowa 1371, 1372, 212 N.W. 133, 134 (1927) (holding that substitution of the plaintiff should be allowed, unless defendant is thereby prejudiced). Thus, we vacate the portion of the court of appeals' decision instructing the district court to allow for a reasonable

period of time for substitution of the real party in interest. On remand, the district court shall determine whether substitution of the real party in interest is appropriate, and, if so, the reasonable timing of such substitution.

If the district court determines substitution is warranted, then the court should consider the case on its merits. If, however, the district court determines substitution is not appropriate, the judgment shall stand. *See, e.g., In re R.E.K.F.*, 698 N.W.2d 147, 151 (Iowa 2005) (conditionally affirming the termination of father's parental rights pending determination pursuant to Iowa ICWA that child is not eligible for tribal membership).

**DECISION OF COURT OF APPEALS VACATED IN PART; DISTRICT COURT JUDGMENT CONDITIONALLY AFFIRMED, AND CASE REMANDED.**

This opinion shall not be published.