# In the Iowa Supreme Court

No. 24–1145

Submitted October 8, 2025—Filed November 7, 2025

**Michael William Stoltze,**

Appellant,

vs.

**Grace Maher** n/k/a **Grace Stokes** and **Macauley Stokes,**

Appellees.

Appeal from the Iowa District Court for Polk County, Michael D. Huppert, chief judge.

The unsuccessful party in a quiet-title action appeals the district court's award of attorney fees to the defendant. **District Court Judgment Affirmed.**

Christensen, C.J., delivered the opinion of the court, in which all justices joined.

Christopher A. Kragnes (argued) of Kragnes & Associates, P.C., Des Moines, and Bruce H. Stoltze of Stoltze & Stoltze, PLC, Des Moines, for appellant.

Harley C. Erbe (argued) of Erbe Law Firm, Des Moines, for appellees.

**Christensen, Chief Justice.**

Thirty-one days after the district court entered judgment in a quiet-title dispute, or one day after the time to appeal had passed, the prevailing landowners filed an application for statutory attorney fees. The unsuccessful party resisted, arguing that the application was untimely and the district court no longer had jurisdiction to award attorney fees. The district court concluded otherwise and awarded the prevailing party's requested attorney fees, noting there is no timeline governing a party's attempt to obtain statutory attorney fees. On appeal, we affirm because the district court did not err in concluding the application was timely or abuse its discretion in awarding attorney fees.

## I. Background Facts and Proceedings.

Michael Stoltze filed a quiet-title action in November 2022 over a strip of land between his driveway and the driveway of the adjoining property owners, Grace and Macauley Stokes. The Stokeses filed a competing action, and the district court consolidated their cases. On February 24, 2024, the district court entered judgment quieting title in the Stokeses' favor. Although the Stokeses' petition requested "reasonable attorney fees," the district court's order did not mention attorney fees. Nor did the Stokeses file a motion under Iowa Rule of Civil Procedure 1.904(2) to enlarge the district court's judgment and obtain a ruling on their request for attorney fees. Instead, they filed an application for attorney fees thirty-one days after the district court entered its judgment—one day after the time to appeal had lapsed. *See* Iowa R. App. P. 6.101(1)(*b*) (2023) ("A notice of appeal must be filed within 30 days after the filing of the final order or judgment. However, if a motion is timely filed under Iowa R. Civ. P. 1.904(2) or Iowa R. Civ. P. 1.1007, the notice of appeal must be filed within 30 days after the filing of the ruling on such motion.").

Stoltze resisted, arguing that the district court lost jurisdiction to award attorney fees because the Stokeses filed their application after the thirty-day deadline to appeal. Stoltze also attached a personal declaration to his resistance that claimed he "decided not to appeal the case after taking into consideration that the Defendants were not seeking attorney fees anymore." Additionally, he declared, "Had I been aware a request for attorney fees would later be made, I would have filed an appeal of the trial court's decision in this case."[1]

Following a contested hearing, the district court concluded that the Stokeses' application was timely because there is no deadline under Iowa law to file for attorney fees, and the Stokeses filed their application without undue delay. It awarded the Stokeses $33,600.00 in attorney fees with an interest rate of 7.10% from and after the date of the order. Stoltze timely appealed the attorney fee award, and we retained the appeal.

**II. The District Court Had Jurisdiction to Award Attorney Fees and Properly Did So.**

Stoltze argues the district court should not have awarded the Stokeses attorney fees because their application was untimely. We review this claim for correction of errors at law. *See FNBC Iowa, Inc. v. Jennessey Grp., L.L.C.*, 759 N.W.2d 808, 810 (Iowa Ct. App. 2008).

Iowa Code section 649.5(3) (2022) authorized the district court to assess "a reasonable attorney fee" to the Stokeses as part of their quiet-title action, and it is undisputed that the Stokeses properly sought attorney fees in their petition. *See Nelson Cabinets, Inc. v. Peiffer*, 542 N.W.2d 570, 573 (Iowa Ct. App. 1995) ("[A]ttorney fees must be specifically pleaded before they may be awarded.").

---

[1]Stoltze also argued that the district court should deny the Stokeses' application because the litigation arose out of good faith. The district court rejected that argument, and Stoltze does not raise it on appeal.

Nothing in the statute establishes a specific procedure or deadline to claim statutory attorney fees even though they are "not automatically awarded to a successful party following the entry of judgment." *Id.* And unlike the Federal Rule of Civil Procedure, which requires a motion for attorney fees "be filed no later than 14 days after the entry of judgment" unless a statute or court order provides otherwise, Fed. R. Civ. P. 54(d)(2)(B)(i), the Iowa Rules of Civil Procedure are silent on the matter.

The district court did not address the Stokeses' request for attorney fees in its judgment. Under Iowa Rule of Civil Procedure 1.904(2), the Stokeses could have filed a motion within fifteen days of the district court's judgment for the district court to consider their request for attorney fees and amend its ruling accordingly. *See also* Iowa R. Civ. P. 1.904(3) ("[A] rule 1.904(2) motion . . . will be considered timely if filed within 15 days after the filing of the order, judgment, or decree to which it is directed."). This would have also preserved their request for attorney fees on appeal had Stoltze filed one. Instead, they did not file a rule 1.904(2) motion and waited one day after Stoltze's deadline to appeal before filing their application for attorney fees. At that point, the district court's jurisdiction to decide substantive issues had terminated because its judgment quieting title in the Stokeses' favor was final. *See Franzen v. Deere & Co.*, 409 N.W.2d 672, 674 (Iowa 1987) (en banc).

Nevertheless, the district court's jurisdiction to award attorney fees did not terminate because an application for attorney fees is not bound by the deadline for rule 1.904(2) motions. Rather, attorney fees are a collateral matter. *See Iowa State Bank & Tr. Co. v. Michel*, 683 N.W.2d 95, 110 (Iowa 2004). As such, the district court "retains jurisdiction to proceed" on an application for attorney fees, and any ruling on the application is separately appealable. *Id.* (quoting

*Landals v. George A. Rolfes Co.*, 454 N.W.2d 891, 897 (Iowa 1990)); *see also Mason v. Searles*, 9 N.W. 370, 372 (Iowa 1881) ("In our opinion the taxation of an attorney's fee, where it is to be taxed as costs, is an independent matter, and that the fee may be taxed after the services are concluded and when it can be ascertained, once for all, what amount should be allowed.").

In fact, Iowa Rule of Appellate Procedure 6.103(2) specifically accounts for attorney fee applications filed after an appeal of a final order or judgment in the action, stating, "The district court retains jurisdiction to consider an application for attorney fees *notwithstanding the appeal of a final order or judgment in the action.*" (Emphasis added.) Stoltze contends that this rule is irrelevant because it "presupposes that the Iowa Courts have retained jurisdiction of the case due to the appeal, which did not happen in this case as no appeal was filed."

The rule's use of the term "notwithstanding" does not render an appeal a prerequisite for the district court to retain jurisdiction over attorney fees. "Notwithstanding" simply means "[d]espite" or "in spite of," meaning the district court retains jurisdiction under the rule to consider an application for attorney fees despite any appeal in the case. *Notwithstanding, Black's Law Dictionary* 1277 (12th ed. 2024). Thus, there is nothing in our rules or the statute governing the Stokeses' ability to seek attorney fees that required them to file their application within a limited time following the district court's ruling on the merits of their title dispute.

Accordingly, it falls to the district court to determine whether the Stokeses' application for attorney fees "offend[s] against the requirement that such motions must be filed expeditiously without undue delay." *Hearity v. Bd. of Supervisors*, 437 N.W.2d 907, 909 (Iowa 1989); *see also Brunet v. Dresser Olympic Div. of Dresser Indus., Inc.*, 660 P.2d 846, 847 (Ala. 1983) (per curiam) ("Absent such

imposition by the trial court of a time limit for the filing for attorney's fees, we hold that the appropriate time within which a request for attorney's fees may be filed is a reasonable time after the entry of a judgment from which an appeal may be taken."); *Meadowbrook Ctr., Inc. v. Buchman*, 181 A.3d 550, 562 (Conn. 2018) (holding that the trial court has discretion to entertain untimely motions for attorney fees); *Davidsohn v. Steffens*, 911 P.2d 855, 857 (Nev. 1996) (per curiam) ("Whether a request for attorney's fees is timely is a determination left to the discretion of the trial court."). This determination includes considering any prejudice to the nonmoving party because of the delay. *See State ex rel. Weede v. Bechtel*, 56 N.W.2d 173, 197 (Iowa 1952) (holding that an application for attorney fees was not untimely because the defendant did not show any prejudice from the time lapse between the judgment and application); *see also Meadowbrook Ctr., Inc.*, 181 A.3d at 561 (noting that depriving the trial court's authority to entertain untimely filings when there is good cause and no prejudice to the nonmoving party risks abridging the prevailing party of their legal right to obtain attorney fees). "Th[is] discretionary power . . . is sufficient protection against post-judgment motions which unfairly surprise or prejudice a party." *Davidsohn*, 911 P.2d at 857.

Stoltze claims that he was prejudiced by what he believes is an untimely application for attorney fees, and thus the district court should have denied the Stokeses' request for attorney fees regardless of jurisdiction. This prejudice, Stoltze asserts, is that he only chose not to appeal on the belief that the Stokeses were not seeking attorney fees. Notably, the Stokeses had sought attorney fees in their petition, and nothing in the record suggests that Stoltze had conversations with them about whether they planned to continue pursuing attorney fees after the district court issued its ruling on their title dispute.

Stoltze's reliance on the belief that the Stokeses would not continue to seek attorney fees was merely an assumption. And an unreasonable one at that, given the nature of Iowa law, which would have authorized the district court to award the Stokeses reasonable attorney fees if they had sought them after Stoltze filed an appeal. *See* Iowa R. of App. P. 6.103(2); *Iowa State Bank & Tr. Co.,* 683 N.W.2d at 110 (explaining that the district court retains jurisdiction to examine a request for attorney fees after the filing of a notice of appeal). Plus, as the Stokeses note in their brief, under Iowa's efiling system, they "could have filed their attorney fee application at 11:59 p.m. on day thirty," and "[Stoltze] would not have learned of that filing until day thirty-one when it would have been too late to appeal." Consequently, Stoltze's claim of prejudice is unreasonable. In conclusion, the district court did not err in entertaining the Stokes' application or abuse its discretion by awarding them attorney fees.

**III. Conclusion.**

We affirm the district court's decision.

**District Court Judgment Affirmed.**