# IN THE SUPREME COURT OF IOWA

No. 08–1683

Filed May 7, 2010

**FRONTIER LEASING CORPORATION,**

Appellee,

vs.

**LINKS ENGINEERING, LLC** d/b/a **BLUFF CREEK GOLF COURSE,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg, Judge.

Parties seek further review of court of appeals' reversal of district court's grant of summary judgment on an equipment lease. **DECISION OF COURT OF APPEALS AFFIRMED IN PART AND MODIFIED IN PART; DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED.**

Kimberly P. Knoshaug of Lewis, Webster, Van Winkle & Knoshaug, L.L.P., Des Moines, for appellant.

Edward N. McConnell, and Aaron H. Ginkens of Ginkens & McConnell, P.L.C., Clive, for appellee.

**TERNUS, Chief Justice.**

This case involves an action to collect damages upon the default of an equipment lease for a beverage cart to be used on a golf course. The district court granted summary judgment in favor of appellee, Frontier Leasing Corporation (Frontier), rejecting the arguments of the appellant, Links Engineering, LLC d/b/a Bluff Creek Golf Course (Links), that (1) Frontier was not the real party in interest because the lease had not been validly assigned to it, and (2) the Links employee who signed the lease did not have authority to bind Links to the lease. The court of appeals reversed on the assignment issue, remanding the case to the district court to permit a reasonable time for substitution of the real party in interest. The court of appeals did not address the authority issue.

We granted further review to consider the district court's summary resolution of the authority issue and to address that portion of the court of appeals decision instructing the district court to allow a reasonable time for substitution. Upon our review of the record and controlling legal principles, we hold there is a genuine issue of material fact with respect to the Links employee's authority to sign the lease. Therefore, we reverse the district court's grant of summary judgment to Frontier. In addition, we instruct the district court to provide Links an opportunity to resist substitution. If the court thereafter determines substitution is appropriate, the case should proceed on its merits in a manner consistent with this opinion. If the court determines substitution is not warranted, judgment shall be entered in favor of Links. Accordingly, we affirm the decision of the court of appeals reversing the district court's grant of summary judgment, but modify the directions to the district court upon remand.

**I. Prior and Current Proceedings.**

**A. District Court Proceedings.**   Links and C and J Leasing Corporation (Leasing Corp.) entered into an equipment lease, which Frontier claimed had been assigned to it.  Frontier brought suit for Links' default under the lease and moved for summary judgment.  The district court granted summary judgment in favor of Frontier, there being no material dispute regarding Links' default under the lease.  In its ruling, the court rejected two arguments made by Links in resistance to Frontier's request for summary judgment:  (1) that Frontier was not the real party in interest because it did not hold a valid assignment of the lease, and (2) that the person signing the lease on behalf of Links had no authority to do so.

With respect to the assignment issue, Frontier alleged it had been assigned the lease from C and J Special Purpose Corporation, which in turn had been assigned the lease from C & J Vantage Leasing Company (Vantage).  The district court concluded Frontier had a valid assignment of the lease, thereby making it the real party in interest.

The second issue addressed by the district court in its summary judgment ruling involved whether an employee of Links, David Fleming, had authority to enter into the lease on behalf of Links.  Fleming was a golf professional who had been hired to run the day-to-day operations of the golf course owned by Links.  Links asserted that Fleming had no authority to bind Links with regard to any financing agreements.  The district court found that Fleming had actual and apparent authority to enter into the lease, thereby binding Links to the transaction.

**B. Court of Appeals Proceedings.**  The court of appeals reversed the summary judgment, ruling that, because the lease was between Links and Leasing Corp., Vantage could not validly assign the lease, as it

was not a party to the lease. The court of appeals did not address the authority issue. In deciding the assignment issue, the court of appeals stated:

> Accordingly, Frontier has no enforceable interest in the lease and is not the real party in interest. We reverse the district court's grant of summary judgment in favor of Frontier. On remand, the district court shall allow a reasonable period of time for substitution of the real party in interest. Iowa R. Civ. P. 1.201.

**C. Current Proceedings.** Through its further review application, Links objects to the portion of the court of appeals decision that instructs the district court to allow a reasonable time for substitution of the real party in interest. Specifically, Links asserts that the statute of limitations has run on Leasing Corp.'s claim, and therefore, substitution should not be automatic, and a hearing should be held to determine whether substitution is appropriate. Through its further review application, Frontier objects to the court of appeals' reversal on the ground that the assignment of the lease was not valid.

**II. Scope of Review.**

**A. Further Review.** "On further review, we can review any or all of the issues raised on appeal or limit our review to just those issues brought to our attention by the application for further review." *Anderson v. State*, 692 N.W.2d 360, 363 (Iowa 2005). We have taken this case on further review to address Links' argument pertaining to the court of appeals' instruction on remand that the district court allow a reasonable time for substitution of the real party in interest. Because we vacate this instruction, finding the district court must hold proper proceedings to determine if substitution is appropriate, we have also decided to address the authority issue that the court of appeals did not address.

**B. Summary Judgment.** We review grants of summary judgment for correction of errors of law. *Lobberecht v. Chendrasekhar*, 744 N.W.2d 104, 106 (Iowa 2008). Summary judgment is appropriate

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law.

Iowa R. Civ. P. 1.981(3).

We view the record in the light most favorable to the opposing party. *Lobberecht*, 744 N.W.2d at 106; *Lloyd v. Drake Univ.*, 686 N.W.2d 225, 228 (Iowa 2004). We also afford the opposing party every legitimate inference the record will bear. *Lloyd*, 686 N.W.2d at 228. Even when the facts are undisputed, summary judgment is inappropriate if reasonable minds could draw different inferences from those facts. *Colonial Baking Co. of Des Moines v. Dowie*, 330 N.W.2d 279, 282 (Iowa 1983). In granting summary judgment, the district court is not to make credibility assessments, as such assessments are "peculiarly the responsibility of the fact finder." *Estate of Hagedorn ex rel. Hagedorn v. Peterson*, 690 N.W.2d 84, 88 (Iowa 2004).

**III. Analysis.**

**A. Substitution of the Real Party in Interest.** Without deciding the merits of the substitution issue, we agree with Links that it is entitled to an opportunity to show that it will be prejudiced by substitution and that the district court is the proper place for this issue to be determined. *See Estate of Kuhns v. Marco*, 620 N.W.2d 488, 495–96 (Iowa 2000) (discussing Iowa Rules of Civil Procedure 2 and 69(e), now rules 1.201 and 1.402(5), and stating that "the defendant should be given an opportunity to show prejudice in the event that notice of the misnamed

party adversely impacted the policy considerations of the statute of limitations"); *see also Richardson v. Clark Bros.*, 202 Iowa 1371, 1372, 212 N.W. 133, 134 (1927) (holding that substitution of the plaintiff should be allowed, unless defendant is thereby prejudiced).

That portion of the court of appeals decision instructing the district court to allow a reasonable time for substitution of the real party in interest is modified. On remand, the district court shall determine whether substitution of the real party in interest is appropriate, and if so, the reasonable timing of such substitution. If the district court decides substitution should not be allowed, judgment shall be entered in favor of Links. *Cf. In re R.E.K.F.*, 698 N.W.2d 147, 151 (Iowa 2005) (conditionally affirming the termination of father's parental rights pending determination pursuant to Iowa ICWA that child was not eligible for tribal membership).

**B. Authority Issue.** The party asserting an agency relationship must prove it exists by a preponderance of the evidence. *Dailey v. Holiday Distrib. Corp.*, 260 Iowa 859, 868, 151 N.W.2d 477, 484 (1967). An agency relationship can be established through the agent's actual or apparent authority to act on behalf of the principal. *Hendricks v. Great Plains Supply Co.*, 609 N.W.2d 486, 493 (Iowa 2000).

> "Actual authority to act is created when a principal intentionally confers authority on the agent either by writing or through other conduct which, reasonably interpreted, *allows the agent to believe that he has the power to act.* Actual authority includes both express and implied authority. Express authority is derived from specific instructions by the principal in setting out duties, while implied authority is actual authority circumstantially proved."

*Id.* (emphasis added) (quoting *Dillon v. City of Davenport,* 366 N.W.2d 918, 924 (Iowa 1985) (citations omitted)); *accord Gabelmann v. NFO, Inc.,*

571 N.W.2d 476, 481 (Iowa 1997). Thus, actual authority examines the principal's communications to the agent. Restatement (Third) of Agency § 2.01, at 80 (2006).

Apparent authority is authority the principal has knowingly permitted or held the agent out as possessing. *Magnusson Agency v. Pub. Entity Nat'l Co.-Midwest*, 560 N.W.2d 20, 25–26 (Iowa 1997). Apparent authority focuses on the principal's communications to the third party. Restatement (Third) of Agency §§ 2.03, 3.03, at 113, 173–74. In other words, "[a]pparent authority must be determined by what the principal does, rather than by any acts of the agent." *Magnusson Agency*, 560 N.W.2d at 26.

A principal may also be liable under the doctrines of estoppel and ratification. Under the doctrine of estoppel, the principal is liable if he (1) causes a third party to believe an agent has the authority to act, or (2) has notice that a third party believes an agent has the authority and does not take steps to notify the third party of the lack of authority. Restatement (Third) of Agency § 2.05, at 145–46. Moreover, based on principles of ratification, a principal may be liable when he knowingly accepts the benefits of a transaction entered into by one of his agents. *Mayrath Co. v. Helgeson*, 258 Iowa 543, 551, 139 N.W.2d 303, 308 (1966).

The district court based its ruling that Fleming had actual and apparent authority to enter into the lease on behalf of Links on an affidavit submitted by the director and owner of Links, Lance Clute. Clute stated in his affidavit that Fleming was in charge of the day-to-day operations of the golf course, Clute was aware of the existence of the beverage cart and did not disavow the transaction, and Links made payments on the cart from August 2004 through March 2005. The

district court noted that Links did not provide an affidavit from Fleming confirming the testimony of Clute. While these facts do support a finding of an agency relationship, an examination of Clute's entire affidavit, when read in the context of the summary judgment scope of review requiring all legitimate inferences to be drawn in Links' favor, could also cause one to conclude that Fleming did not have actual or apparent authority to enter into the lease and that Clute did not ratify the transaction or act in any way that would estop Links from rejecting the transaction.

In particular, Clute's affidavit refutes the existence of actual authority with Clute's statement that Fleming was not authorized to enter into any financing agreements or transactions for the purchase, lease, or financing of capital assets like the beverage cart, especially given the lease's hefty amount of $19,000. Clute's affidavit refutes the existence of apparent authority with the statement that it is customary in the golf industry to hire a PGA golf professional to manage the day-to-day operations of a golf course, and vendors are aware that such professionals do not have authority to enter into the type of transaction at issue here. Clute's affidavit also refutes that Links is estopped from rejecting the transaction and that Links ratified the lease. It does so with Clute's explanation that, when he saw the cart, he thought it was an "even trade for advertisement" such as Links' practice with scorecard advertising. Clute stated that with scorecard advertisements, Links is given the scorecards for free in exchange for the advertisements on the cards. Clute's affidavit also refutes the doctrines of estoppel and ratification with its statements that he first learned of the lease through a collection letter that was received when Fleming was no longer employed with Links, that he immediately requested a copy of the lease

when it could not be found in Links' records, that he made the cart available for repossession after determining that the lease was a "scam," and that the cart "to this day . . . sits idle in [Links'] garage taking up space." Finally, while Links does not submit an affidavit from Fleming supporting Clute's affidavit testimony, a jury nevertheless could believe Clute, finding in Links' favor. The absence of testimony from Fleming simply goes to the weight of Links' evidence, which is something for the jury to decide, not a court on summary judgment.

Because reasonable minds could draw different inferences from the record as to whether Fleming had authority to bind Links to the equipment lease, we reverse the district court's grant of summary judgment. On remand, if the district court determines substitution of the real party in interest is warranted, then the district court should consider the case on its merits in a manner consistent with this opinion, including with regard to the authority issue.

**IV. Disposition.**

The portion of the court of appeals' decision instructing the district court to allow a reasonable time for substitution of the real party in interest is modified as specified above. In all other respects, the court of appeals' decision pertaining to the validity of the assignments and to the real party in interest is affirmed. The district court's grant of summary judgment is reversed. On remand, the district court shall determine whether substitution of the real party in interest is appropriate, and if so, the reasonable timing of such substitution. If the district court determines substitution of the real party in interest is warranted, then the district court should consider the case on its merits in a manner consistent with this opinion. If, however, the district court determines

substitution is not appropriate, judgment shall be entered in favor of Links.

**DECISION OF COURT OF APPEALS AFFIRMED IN PART AND MODIFIED IN PART; DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED.**