# IN THE COURT OF APPEALS OF IOWA

No. 16-2063
Filed July 19, 2017

**JACOB HACKMAN,**
        Plaintiff-Appellant,

**vs.**

**SUELLEN KOLBET, As Custodian for the NEW HAMPTON MUNICIPAL LIGHT PLANT,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Chickasaw County, David P. Odekirk, Judge.

        The plaintiff appeals the trial court's grant of summary judgment in favor of the defendant. **AFFIRMED.**

        David H. Skilton of Cronin, Skilton & Skilton, P.L.L.C., Charles City, for appellant.

        Jennifer L. Schwickerath of Elwood, O'Donohoe, Braun & White, L.L.P., New Hampton, for appellee.

        Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**POTTERFIELD, Judge.**

Jacob Hackman appeals the district court's grant of summary judgment in favor of New Hampton Municipal Light Plant (the Plant) authorizing the Plant to collect various fees to fulfill an open records request. Hackman argues he was charged for the Plant's attorney fees, which are not authorized by statute. We affirm.

**I. Background Facts and Proceedings.**

Hackman requested records from the Plant on November 21, 2012. Hackman's request included the following: "copies of all e-mails to and from the City Clerk to any New Hampton Municipal Light Plant Board Member or New Hampton Municipal Light Plant employee from May 16, 2012, to present"; the audio and agenda for multiple meetings; copies of insurance policies; and "all file indexes or dictations made from July 2012 to present."

On December 17, 2012, counsel for the Plant sent a partial response to Hackman's request, and the full response was fulfilled on December 26, 2012. The Plant sent an invoice for $828.30[1] in expenses related to Hackman's request. The bill included 21.75 hours of fees at $35 per hour for the following services: reviewing emails; redacting emails; copying records; corresponding with opposing counsel regarding the records request; and compiling records. The bill also included $75.80 for copies.

Based on the Plant's written policy, the rate to fulfill open records request was "[c]opies at $.20 per copy . . . research—first 15 minutes at no charge, then $35 per hour thereafter."

---

[1] The total includes .25 hours at "no charge," pursuant to the Plant's records policy.

On June 5, 2013, Hackman filed a petition for declaratory judgment, arguing the fees charged in response to the open records request were attorney fees, which were not authorized by statute. Because Hackman originally filed the petition under an unrelated wrongful-termination action, the trial court allowed Hackman to amend the petition, creating a new, separate action. The Plant presented counterclaims against Hackman for the balance of the outstanding bill from Hackman's request.

On August 26, 2016, the Plant filed a motion for summary judgment, arguing there is no genuine issue of material fact and the Plant is entitled to judgment as a matter of law because Iowa Code section 22.3 (2013) and the Plant's written fee policy authorized the fees. The motion included an affidavit from Suellen Kolbet, city clerk of New Hampton, Iowa. The affidavit verified the Plant's fee schedule for records requests and defined the term "research" as a "general term we use to mean the time it takes to comply with the request." The affidavit stated the request contained "a large amount of emails, some of which contained statutorily protected confidential information." The affidavit also outlined the process in which Kolbet would forward emails subject to the record request to New Hampton's attorney, Jennifer L. Schwickerat, in order to "interpret the appropriate statutes and redact the statutorily protected information from the emails."

Hackman resisted, arguing the fees were actually attorney fees that are not authorized by statute. On November 16, 2016, the trial court issued an order for judgment against Hackman for the $828.30 public-records-request bill. Hackman appealed.

**II. Standard of Review.**

Motions for summary judgment are reviewed for errors of law. *Cawthorn v. Catholic Health Initiatives Iowa Corp.*, 806 N.W.2d 282, 286 (Iowa 2011). Summary judgment is improper unless the record shows no genuine issue of material fact. *Lloyd v. Drake Univ.*, 686 N.W.2d 225, 228 (Iowa 2004). "When examining the record, the court views it in a light most favorable to the nonmoving party." *Id.* We consider every legitimate inference that generates a material dispute of fact. *Crippen v. City of Cedar Rapids*, 618 N.W.2d 562, 565 (Iowa 2000).

**III. Discussion.**

Hackman claims the fees charged by the Plant included legal fees that are not authorized by statute.[2] The Plant argues the Iowa Code authorizes the entity to charge a reasonable fee in order to execute an open records request. We agree with the Plant.

Under Iowa Code section 22.3, "The examination and copying of public records shall be done under the supervision of the lawful custodian of the records or the custodian's authorized designee." When fulfilling an open records request, "[t]he lawful custodian may charge a reasonable fee for the services of the lawful custodian or the custodian's authorized designee in supervising the examination and copying of the records." Iowa Code § 22.3(2). Additionally, "The lawful

---

[2] Hackman also argues summary judgment was inappropriate because "credibility was in question on whether attorney's fees were billed for the same retrieval of the open records request." However, "[i]n granting summary judgment, the district court is not to make credibility assessments, as such assessments are 'peculiarly the responsibility of the fact finder.'" *Frontier Leasing Corp. v. Links Eng'g, LLC*, 781 N.W.2d 772, 776 (Iowa 2010) (citation omitted).

custodian may adopt and enforce reasonable rules regarding the examination and copying of the records and the protection of the records against damage or disorganization." *Id.* § 22.3(1). "All expenses of the examination and copying shall be paid by the person desiring to examine or copy." *Id.* § 22.3(2).

Our supreme court interpreted the legality of a fee charged by the custodian in order to fill an open records request pursuant to section 22.3. The court held:

> [T]he provisions of section 22.3 generally contemplate reimbursement to a lawful custodian of public records for costs incurred in retrieving public records. We find the phrase "all expenses of such work'" to be especially significant and indicative of the legislature's intent that a lawful custodian has the authority to charge a fee to cover the costs of retrieving public records.

*Rathmann v. Bd. of Dirs. of Davenport Cmty. Sch. Dist.*, 580 N.W.2d 773, 778 (Iowa 1998).

Hackman argues the Plant's use of an attorney to fulfill the request indicates the Plant was billing for attorney fees rather than "expenses of the examination and copying of the records." Iowa Code § 22.3. While the Plant's attorney helped analyze the documents subject to Hackman's request, her title is not dispositive to our review of the Plant's fees based on the applicable statute. Rather, our review is focused on the Plant's activities related to retrieving Hackman's public-record request. *See Rathman*, 580 N.W.2d at 778.

Hackman made a broad request for information that included over 400 emails from within the Plant. Hackman's request included: (1) reviewing correspondence and records; (2) printing records; (3) compiling records; (4) drafting emails in response to the records request; (5) redacting emails; and (6)

copying records. The scope and complexity of the request required the Plant to review the emails and other documents for compliance with the request and other related statutes. *See, e.g.*, Iowa Code § 22.7 (prohibiting the disclosure of confidential information in public records). It is undisputed that the Plant has a written policy outlining a $35 per hour fee for research related to complying with an open records request. It is also undisputed that the Plant defines research as activities related to complying with the request. *See* Iowa Code § 22.3; *Rathmann*, 580 N.W.2d at 778.

Viewing the record in a light most favorable to Hackman, there is no dispute of material fact. The fees charged by the Plant were authorized by statute. The trial court did not err determining the Plant was entitled to judgment as a matter of law.

**AFFIRMED.**