**IN THE COURT OF APPEALS OF IOWA**

No. 17-1876
Filed September 12, 2018

**IN THE MATTER OF THE ESTATE OF THOMAS JAMES KLEIN, deceased.**

**KARI J. KLEIN BORROEL and MATTHEW J. KLEIN,**
     Appellants.

_____

     Appeal from the Iowa District Court for Sac County, William C. Ostlund, Judge.


     Children seeking to contest their father's will appeal the district court's grant of summary judgment in favor of the executor. **AFFIRMED.**


     Kyle J. McGinn of McGinn, Springer & Noethe PLC, Council Bluffs, for appellants.

     Gina C. Badding of Neu, Minnich, Comito, Halbur, Neu & Badding, PC, Carroll, for appellee.


     Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**VOGEL, Judge.**

In this will-contest action, Thomas Klein's children, Kari Klein Borroel and Matthew Klein, argue the district court erred in granting the executor's motion for summary judgment. We affirm.

## I. Background Facts and Proceedings

Thomas Klein died on August 12, 2016. At the time of his death, Klein had two adult children: Kari and Matthew. Klein executed a last will and testament on January 17, 2001. Klein's brother, Richard (Ben) Klein filed a petition for probate of the will and to be appointed its executor. Pursuant to the will, Klein left $10,000 in the form of insurance proceeds to each of his children and specifically stated: "To my children who have never spoke or tried to contact me since the divorce my only connection with them will be the $10,000 each to be paid them out of my insurance."

In November 2017, Klein's will was admitted to probate and Ben was appointed the executor of the estate. Ben and his wife, believing all parties that witnessed the signing of the will to be deceased, had filed an affidavit pursuant to Iowa Code section 633.297 (2017) establishing that they recognized the signatures contained on the will. On April 4, 2017, Kari and Matthew filed a petition to set aside the will arguing proof of execution could not be established.

The parties later established that Kathleen Nielsen, a witness to the signing of the will, was alive. On April 17, 2017, Nielsen signed an affidavit representing she knew Klein, she was present when he declared the document to be his will and signed it, and she affixed her signature to the will in the presence of other witnesses as Klein requested. On May 19, Nielsen signed another affidavit—this

one prepared by Kari and Matthew's attorney—that indicated she recognized the signatures contained in the will but she did "not specifically recall the date of January 7, 2001 nor d[id] [she] recall the specific circumstances surrounding the execution of the document." Finally, the parties deposed Nielsen on July 27, at which time she affirmed she was present at the will signing and recognized the signatures contained within the will.

On August 7, 2017, Ben filed a motion for summary judgment. Kari and Matthew filed a resistance on September 6. The court held a hearing on the motion on September 25 and issued a written ruling on October 20, granting Ben's motion for summary judgment and dismissing Kari and Matthew's petition to set aside the admission to probate of their father's will. Kari and Matthew appeal from the grant of summary judgment.

## II. Standard of Review

"We review a decision by the district court to grant summary judgment for correction of errors at law." *Goodpaster v. Schwan's Home Serv., Inc.*, 849 N.W.2d 1, 6 (Iowa 2014) (citing Iowa R. App. P. 6.907). "Summary judgment is proper when the movant establishes there is no genuine issue of material fact and it is entitled to judgment as a matter of law." *Id.* (citing Iowa R. Civ. P. 1.981(3)). "The burden is on the moving party to demonstrate that it is entitled to judgment as a matter of law." *Id.* (quoting *Sallee v. Stewart*, 827 N.W.2d 128, 133 (Iowa 2013)). "As we determine whether the moving party has met this burden, we view the record in the light most favorable to the nonmoving party." *Id.* (citing *Wright v. Am. Cyanamid Co.*, 599 N.W.2d 668, 670 (Iowa 1999)).

### III. Deposition Exhibit

Kari and Matthew contend the district court should not have granted summary judgment for the executor because the only living witness to the will provided contradictory statements concerning her memory of the event. They assert that Nielsen's deposition recalled particular details of the execution of the will despite the deposition being weeks after her signing an affidavit indicating she did not recall the date or specific circumstances of the execution of the will. This, Kari and Matthew claim, calls into question her credibility and creates a genuine issue of material fact.

Kari and Matthew cite *In re Estate of Olson* for the proposition that confusion or self-contradiction of a subscribing witness in his or her testimony is a matter to be observed in determining whether there was a proper execution of the will. *See* 34 N.W.2d 207 (Iowa 1948). *Olson* provides, "When a subscribing witness denies or does not recollect the execution of the instrument to which his name is subscribed as such witness, its execution may be proved by other evidence." *Id.* at 209 (citing Iowa Code § 622.24 (1946)).

In granting the motion for summary judgment, the district court held, "The document admitted to the court, titled, 'Last Will and Testiment [sic] of Thomas J. Klein,' is in writing, signed by the testator, was declared as his will as shown through Nielsen's deposition testimony, and was witnessed and signed by three witnesses." *See* Iowa Code § 633.279(1) (2001) (providing requirements for the formal execution of a will). "If the lack of the due execution of a will constitutes a ground for objection, proof of such execution shall not be made by affidavit as provided in section 633.295." *Id.* § 633.319. Kari and Matthew contested the

execution of the will; as such, an affidavit other than that found in section 633.295 must have been used.[1]  Nielson's April 17 affidavit affirmed Klein's execution of his will, and although her May 19 affidavit acknowledged she "did not recall the specific circumstances surrounding the execution" of the will, her later deposition testimony honed in on many details, including:

> Stella Scheel called to make sure that Bonnie and I were both in the office.  She said that Tom had done his will and he wanted to get it notarized, and would I be there if they came up.  And I asked how soon.  And she told me.  And I said yeah, I'll make sure that we're here.  And so Stella and Phyllis and Tom came up to the office, and we just sat at a table, chatted a few minutes.  I did not read the will. That wasn't my job. I—Tom sat down, signed the will.  I notarized it, Bonnie notarized it, and Stella signed it as a witness.

The district court found Nielsen's deposition testimony established proper execution of the will, concluding there was no remaining issue of material fact. Because we agree the essential elements of the proper execution of a will were met and Nielsen's credibility was the only question, there were no material facts in dispute and summary judgment was appropriate.

## IV. Conclusion

Because the witness's deposition establishes the essential elements to formally execute a will, the district court did not err in granting summary judgment in favor of the estate.

**AFFIRMED.**

Danilson, C.J., concurs specially; Tabor, J., joins special concurrence.

---

[1] "The trial court is required to examine, in the light most favorable to the nonmoving party, the entire record before it including pleadings, admissions, *depositions*, answers to interrogatories and *affidavits*." *In re Eickman's Estate*, 291 N.W.2d 308, 312 (Iowa 1980) (emphasis added).

**DANILSON, Chief Judge** (concurring specially)

I specially concur to address the claimed credibility issue. It can be fatal to the resisting party to rely only on perceived weaknesses in the movant's contention. *Suss v. Schemmel*, 375 N.W.2d 252, 254 (Iowa 1985). Here, the nonmoving party has failed to set forth specific facts showing there is a genuine issue for trial. Instead, the nonmoving party relies solely upon inconsistent statements concerning the ability to recall events made by the lone surviving subscribing witness to the will, Kathleen Nielsen. The burden is on the moving party and the record must be viewed in the light most favorable to the nonmoving party. *Goodpaster v. Schwan's Home Serv., Inc.*, 849 N.W.2d 1, 6 (Iowa 2014). Notwithstanding, I do not believe a genuine issue of material fact has been generated by contending Nielsen lacks credibility under these circumstances.

I decline to rely upon Iowa Code section 633.319 as argued by the appellant; although affidavits may not be used to prove due execution of a will at trial, affidavits of otherwise-admissible evidence are proper proof in summary-judgment proceedings. Iowa R. Civ. P. 1.981(5) (stating "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth facts as would be admissible in evidence"). I view section 633.319 as only preventing the court and clerk from admitting the will to probate based solely upon affidavits when an objection has been raised, not prohibiting the use of witness affidavits in a contested summary-judgment proceeding.

Here, the evidence of both parties would be admissible at trial via testimony. The fact the admissible evidence was in a form inadmissible at trial is of no consequence. Other courts have reached the same conclusion. *See, e.g.*,

*Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005) ("At the summary judgment stage, the parties need not submit evidence in a form admissible at trial; however, the content or substance of the evidence must be admissible."); *Winskunas v. Birnbaum*, 23 F.3d 1264, 1267-68 (7th Cir. 1994) ("The evidence need not be in admissible *form*; affidavits are ordinarily not admissible evidence at a trial.  But it must be admissible in *content*, in the sense that a change in form but not in content, for example a substitution of oral testimony for a summary of that testimony in an affidavit, would make the evidence admissible at trial."); *Reeder v. Harper*, 788 N.E.2d 1236, 1241-42 (Ind. 2003) ("[A]n affidavit that would be inadmissible at trial may be considered at the summary judgment stage of the proceedings if the substance of the affidavit would be admissible in another form at trial.").

Here, the nonmoving party seeks to avoid the grant of summary judgment by claiming a genuine issue of material fact exists as a result of an inconsistency in testimony arising from an affidavit dated May 19, 2017.  The affidavit was signed by Nielsen and apparently prepared by counsel for the nonmoving party.  Although prepared by nonmoving party counsel, the affidavit was attached to the motion for summary judgment as exhibit 3.  This affidavit states in part, "I do not recall the date of January 7, 2001 nor do I recall the specific circumstances surrounding the execution of the document that has been shown to me captioned 'LAST WILL AND TESTAMENT OF THOMAS J. KLEIN.'"  I would agree this evidentiary statement appears inconsistent with Nielsen's deposition testimony and another affidavit dated April 17, 2017—attached to the motion as exhibit 2.  During the deposition, Nielsen recalled and recited with specifics the

circumstances relating to the execution and witnessing of the will of Thomas James Klein. The affidavit is in the form prescribed by Iowa Code section 633.295 and is entitled, "Testimony of Subscribing Witness on Probate of Will." The exhibit 2 affidavit states that Nielsen knew Thomas J. Klein and the other subscribing witnesses, the will was exhibited to her, Klein declared the instrument to be his will, Klein signed the will at "Co. Bluffs" in the presence of her and the other two witnesses among some additional facts.

Normally, "[i]n granting summary judgment, the district court is not to make credibility assessments, as such assessments are 'peculiarly the responsibility of the fact finder.'" *Frontier Leasing Corp. v. Links Eng'g, L.L.C.*, 781 N.W.2d 772, 776 (Iowa 2010) (citation omitted). It is generally for a jury to resolve discrepancies in deposition testimony and affidavits, and this province of the jury is not to be invaded by a court on summary judgment. *See Smidt v. Porter*, 695 N.W.2d 9, 22 (Iowa 2005). These principles typically result in summary judgment being withheld so the jury can resolve the discrepancy and determine the credibility of the witnesses.

The question becomes whether the inconsistency in Nielsen's testimony in the affidavits and subsequent deposition is sufficient to create a genuine issue of material fact to avoid summary judgment. The principles that the court does not weigh evidence or make credibility findings at the summary-judgment stage are hardened and longstanding. *See Frontier Leasing*, 781 N.W.2d at 776. Yet, here there is only one witness, and Nielsen's subsequent deposition offered both parties the opportunity to examine Nielsen and test her recollection.

One authority commenting upon conflicting affidavits and depositions has stated, "[C]ourts have found that if the affidavit itself presents incredible assertions contradicted by otherwise objective evidence, it is insufficient to prevent summary judgment from being entered." 10A Charles A. Wright, et al., Federal Practice & Procedure § 2726.1 (4th ed. 2018). The same authority has also noted, "a witness' affidavit will not be automatically excluded because it conflicts with the witness' earlier or later deposition, despite the greater reliability usually attributed to the deposition. The court may, however, consider whether the conflict creates a credibility issue preventing summary judgment from being entered." 10A Charles A. Wright, et al., Federal Practice & Procedure § 2738 (footnote omitted).

I would conclude there is no credibility issue that must be determined by the jury and agree the district court should be affirmed. Nielsen's deposition taken after signing the affidavits constitutes objective evidence of the facts. Nielsen's deposition also makes clear she has good recall of the facts notwithstanding the affidavit apparently prepared by the nonmoving party. The nonmoving party should not be able to avoid summary judgment by raising a credibility issue that does not exist.