# IN THE COURT OF APPEALS OF IOWA

No. 20-0985
Filed July 21, 2021

**MICHAEL KENNETH SCHMITT and CONNIE LOUISE SCHMITT,**
Plaintiffs-Appellants,

**vs.**

**FLOYD VALLEY HEALTHCARE,**
Defendant-Appellee.
_____

Appeal from the Iowa District Court for Plymouth County, Roger L. Sailer,

Judge.

Michael and Connie Schmitt appeal the dismissal of their medical

malpractice claims against Floyd Valley Healthcare. **AFFIRMED.**

Michael Schmitt and Connie Schmitt, Remsen, self-represented appellants.

Jeff W. Wright of Heidman Law Firm, P.L.L.C., Sioux City, for appellee.

Considered by Doyle, P.J., and Mullins and May, JJ.

**DOYLE, Presiding Judge.**

Michael and Connie Schmitt appeal the dismissal of their medical malpractice lawsuit against Floyd Valley Healthcare, in which they allege two of its practitioners breached the standard of medical care in diagnosing and treating Connie. The district court dismissed the action because the Schmitts failed to file a certificate of merit affidavit signed by an expert witness describing the standard of care and the defendant's breach of it as required by Iowa Code section 147.140 (2018).[1] Failure to substantially comply with this requirement "shall" lead to "dismissal with prejudice of each cause of action as to which expert witness testimony is necessary to establish a prima facie case." Iowa Code § 147.140(6).

We review dismissals for correction of errors at law. *See Benskin, Inc. v. W. Bank*, 952 N.W.2d 292, 298 (Iowa 2020). In doing so, we accept as true the factual allegations set forth in the petition but not its legal conclusions. *See id.*

Iowa Code section 147.140 requires a plaintiff who alleges medical malpractice "for which expert testimony is necessary to establish a prima facie case" to file within sixty days of the defendant's answer "a certificate of merit affidavit signed by an expert witness with respect to the issue of standard of care and an alleged breach of the standard of care." Iowa Code § 147.140(1)(a). The Schmitts first challenge the district court's determination that a certificate of merit affidavit is required, arguing expert testimony is unnecessary to establish a prima facie case.

---

[1] The Schmitts never requested an extension of the deadline for good cause as allowed under Iowa Code section 147.140(4).

"To establish a prima facie case of medical malpractice, the plaintiff must submit evidence that shows the applicable standard of care, the violation of the standard of care, and a causal relationship between the violation and the harm allegedly experienced by the plaintiff." *Lobberecht v. Chendrasekhar*, 744 N.W.2d 104, 108 (Iowa 2008) (citation omitted). Expert witness testimony is ordinarily required to establish the applicable standard of care and its breach. *See Plowman v. Fort Madison Cmty. Hosp.*, 896 N.W.2d 393, 402 (Iowa 2017).

> Most medical malpractice lawsuits are so highly technical they may not be submitted to a fact finder without medical expert testimony supporting the claim. Generally, when the ordinary care of a physician is an issue in a medical malpractice action, only experts in the profession can testify and establish the standard of care and skill required. There are two exceptions to this rule: (1) where the physician's lack of care is so obvious as to be within the comprehension of a layperson and requires only common knowledge and experience to understand, and (2) when the physician injures a part of the body not being treated.

*Bazel v. Mabee*, 576 N.W.2d 385, 387 (Iowa Ct. App. 1998) (internal citations omitted). The test for determining if expert testimony is required is whether, when the primary facts are accurately and intelligently described, the jurors are as capable of comprehending the primary facts and drawing correct conclusions from them as an expert. *See Thompson v. Embassy Rehab. & Care Ctr.*, 604 N.W.2d 643, 646 (Iowa 2000).

The district court determined that all but one of the Schmitts' claims require expert witness testimony on the question of standard of care. And although it found that one claim arguably fell under the category of "nonmedical, administrative, ministerial, or routine care" and for which the jurors were capable of comprehending and drawing correct conclusions about the standard of care as a

witness with specialized knowledge, the court held causation still required expert testimony.  Despite the Schmitts' claims that the breach of the standard of care is so clear as to be obvious to a layperson, we find no error in the legal conclusion that expert witness testimony is necessary to establish a prima face case on each of the Schmitts' medical malpractice claims.  The district court properly applied the law in determining the Schmitts are required to file a certificate of merit affidavit under section 147.140.

We turn then to the Schmitts' claim they substantially complied by attaching to their petition medical records that provide the same information required by section 147.140(1)(b).  This court recently addressed substantial compliance under section 147.140 in *McHugh v. Smith*, No. 20-0724, 2021 WL 1016596 (Iowa Ct. App. Mar. 17, 2021).  In *McHugh*, we began by identifying the legislature's objectives in passing the law and found two: to "(1) provide verified information about the medical malpractice allegations to the defendants and (2) do so earlier in the litigation" than the 180-day deadline for disclosing expert witnesses as required by Iowa Code section 668.11.  2021 WL 1016596, at *4.  We then rejected McHugh's claim that information provided to the defendant in her initial disclosure and in answers to interrogatories substantially complied with those objectives:

> McHugh's initial disclosures did not sufficiently identify the expert witness who would certify that her claim had colorable merit.  And the interrogatory responses, though alleging Dr. Smith breached the applicable standard of care, did not replicate the signed affidavit expected under section 147.140(1)(a).  That provision requires plaintiffs to reveal the *expert witness's* familiarity of the applicable standard of care and the *expert witness's* statement that the defendant breached the applicable standard of care.

*Id.* Thus, "McHugh's filings lacked the essential components prescribed by section 147.140 for Dr. Smith to determine whether she had a colorable claim." *Id.* at *5.

Just as in *McHugh*, the documents relied on by the Schmitts fail to substantially comply with the requirements of section 140.147. The district court observed:

> Neither of these records are in affidavit form or otherwise submitted under oath. Additionally, and far more importantly, these records do not contain any of the "proof" or "expert opinions" that Plaintiffs assert they contain. Both of these records are merely routine treatment notes made by physicians after appointments with their patient, Mrs. Schmitt. Neither of these documents, at any point, makes any reference whatsoever to the applicable standard for the care provided by Defendant Floyd Valley Hospital. Neither of these documents, at any point, makes any reference whatsoever to any breach of a standard of care by Defendant Floyd Valley Hospital or by any other provider. Neither of these documents, at any point, makes any reference or allegation that any of Mrs. Schmitt's current symptoms or conditions were caused by any previous event involving her care. Neither of these documents, at any point, even refers to Floyd Valley Hospital or to Mrs. Schmitt's prior care anywhere other than incidental references in recounting her medical history. Neither of these documents, at any point, contains any opinion of any physician on any topic related to Mrs. Schmitt's previous care. Neither of these documents, at any point, provide certification of an expert's familiarity with the applicable standard of care or that it was breached by Defendant Floyd Valley Hospital.

The district court correctly applied the law in concluding the Schmitts failed to substantially comply with the requirements of section 147.140, and dismissal is appropriate.

**AFFIRMED.**